

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00065-CR

---

VERBA FELICIA PETERSON                                          APPELLANT

V.

THE STATE OF TEXAS                                                STATE

----------

### FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 1460794R

----------

## MEMORANDUM OPINION[1]

----------

Appellant Verba Felicia Peterson appeals her third-degree-felony conviction for falsely holding herself out as a lawyer.[2] After a grand jury indicted her for that offense, she pleaded guilty. While entering the plea, she waived constitutional and statutory rights and judicially confessed to committing the

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 38.122(a)–(b) (West 2016).

crime. After the trial court received a presentence investigation report and conducted a sentencing hearing, it sentenced her to three years' confinement. She brought this appeal.

Peterson's appointed appellate counsel has filed a motion to withdraw and a brief under *Anders v. California*, representing that Peterson has no "nonfrivolous basis upon which to appeal her conviction and sentence." 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for relief. *See id.*; *In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding) (analyzing the effect of *Anders*). We gave Peterson an opportunity to file a pro se response to counsel's brief, and on January 11, 2018, she filed a document that we construe as her response. The State has not filed a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we must independently examine the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record, counsel's brief, and Peterson's pro se response. We agree with counsel that this appeal is frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also*

2

*Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).  Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.[3]

/s/ Wade Birdwell
WADE BIRDWELL
JUSTICE

PANEL:  SUDDERTH, C.J.; PITTMAN and BIRDWELL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 26, 2018

---

[3]On June 21, 2018, Peterson filed a letter that we construe as a motion for an appeal bond.  We deny that motion as moot.